# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FREDERICK BRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-01257-CV-W-DGK-SSA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER REMANDING CASE TO COMMISSIONER

Plaintiff Frederick Bray ("Bray") seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and his application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. The Administrative Law Judge ("ALJ") found Bray had multiple severe impairments, including bipolar disorder, post-traumatic stress disorder, and dysthymia, but he retained the residual functional capacity ("RFC") to perform work as a landscape laborer, order filler, and laundry worker.

The Court holds that the case must be REMANDED because the ALJ failed to recognize and explain the conflict between the testimony from the Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT").

### Factual and Procedural Background

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance and supplemental security income benefits on October 25, 2009, alleging a disability onset date of November 30, 2007. The

Commissioner denied his applications at the initial claim level on January 6, 2010, and on February 25, 2010, Plaintiff requested a hearing with an ALJ. In April 2011, the ALJ held a hearing, and on June 24, 2011, he issued his decision holding Plaintiff was not disabled as defined in the Act. Plaintiff appealed the denial to the Appeals Council of the Social Security Administration, and it denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits is restricted to determining whether the Commissioner's decision

is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole.

I.   **The ALJ erred in relying on testimony from the VE that conflicted with information in the DOT without recognizing this conflict or explaining it.**

Plaintiff argues that the VE's testimony identifying certain jobs he could perform despite his limitations conflicted with the job descriptions contained in the DOT.[1]  "When there is an apparent conflict between the VE's testimony and the DOT's job descriptions, the ALJ must elicit a reasonable explanation for the conflict before he can rely on the VE's testimony to support a decision that the Plaintiff is not disabled." *McPheeters v. Astrue*, No. 4:12-0137-DGK-SSA, 2013 WL 523674, at *2 (W.D. Mo. Feb. 12, 2013) (citing SSR 00-4p, 65 Fed. Reg. 75,759 (Dec. 4, 2000)).  In his decision, the ALJ must also provide the rationale for how he resolved the conflict.  *Id.*  "If there is an 'unrecognized, unresolved, and unexplained conflict between the VE's testimony and the DOT, the VE's testimony cannot provide substantial evidence to support the ALJ's disability determination.'"  *Id.* (quoting *Closson v. Astrue*, No. 06-4095-MHB, 2008 WL 504013, at *10 (N.D. Iowa Feb. 21, 2008)).

In this case, the ALJ's RFC excluded Plaintiff from performing any jobs which require "*detailed* instructions."  R. at 17 (emphasis added).  Likewise, the ALJ's hypothetical to the VE told her to assume "the individual must have work where there is not any *detailed instructions or tasks*…."  R. at 48 (emphasis added).  In response, the VE stated Plaintiff could perform work as a landscape laborer, order filler, and laundry worker.  R. at 48.  The ALJ relied on this testimony in his finding of no disability.  R. at 20.

---

[1] Plaintiff raises a number of other issues regarding the ALJ's opinion.  Because the Court holds that the failure to discuss and resolve the conflict between the VE's testimony and the DOT requires remand, the Court does not address the other arguments.

3

According to the DOT, however, all three positions require level two reasoning skills which require the worker to "apply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions." Dictionary of Occupational Titles app. C, at 1011 (4th ed. rev. 2003), available at http://www.occupationalinfo.org/contents.html (emphasis added). Even though the hypothetical given to the VE states an individual with Plaintiff's characteristics cannot perform work involving detailed instructions, the VE identified three positions which require carrying out detailed instructions. Thus, a conflict exists between the VE's testimony and the DOT definitions, and the ALJ's failure to identify and resolve this conflict in his opinion requires remand.[2] *See* R. at 20 ("Pursuant to SSR 00-4p, the vocational expert testified that her testimony is consistent with the information contained in the Dictionary of Occupational Titles."); *Jones v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003) (noting "an ALJ cannot rely on expert testimony that conflicts with job classifications in the DOT unless there is evidence in the record to rebut those classifications").

## Conclusion

On remand, the ALJ may still find that the record evidence warrants a finding of no disability. However, even if the ALJ ultimately upholds the denial of disability benefits, he should provide a more thorough discussion of the conflict between the VE's testimony and the Dictionary of Occupation Titles. *See Lamke v. Astrue*, No. 10-3386-CV-S-ODS, 2011 WL 2360175, at *4 (W.D. Mo. June 9, 2011) ("[T]he Commissioner must comply with the five-step sequential process even when denying the most undeserving disability application."). For the

---

[2] The Commissioner argues that a person limited to simple work can still perform jobs which require level two reasoning skills, and cites *Moore v. Astrue* in support. 623 F.3d 599, 604 (8th Cir. 2010) (holding that the ALJ did not err on relying on the VE's testimony that claimant who was limited to carrying out simple job instructions and performing simple, repetitive work at the unskilled task level could perform occupations using level two reasoning skills). *Moore* is inapplicable here because the ALJ made a finding that Plaintiff could not perform work involving detailed instructions. *See McPheeters*, 2013 WL 523674, at *2 (rejecting this exact argument from the Commissioner for precisely the same reason).

4

reasons discussed above, the Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date:  December 12, 2013   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT